[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10570

Non-Argument Calendar

_____

ENRIQUE J. DIAZ,
MARIA DIAZ,

                                        Plaintiffs-Appellants,

versus

NATIONSTAR MORTGAGE, LLC,
d.b.a. Mr. Cooper,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:19-cv-22148-MGC

———————————

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Enrique and Maria Diaz (collectively, the Diazes,), proceeding pro se, filed a second amended complaint against Nationstar Mortgage, LLC, d/b/a Mr. Cooper (Nationstar) alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud. The district court dismissed the complaint with prejudice. The Diazes filed a timely notice of appeal.

On appeal, the Diazes argue that the district court improperly ignored the factual allegations supporting their breach of contract claim when it dismissed for failure to state a claim. Consequently, they argue, reversal of this error should also revive their claim for breach of the covenant of good faith and fair dealing. Finally, they perfunctorily argue that their complaint stated a claim for fraud. After careful review of the briefs and the record we **AFFIRM**.

I.

We review a district court's ruling on a Rule 12(b)(6) motion de novo, "accept[ing] the allegations in the complaint as true and constru[ing] them in the light most favorable to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). We may affirm a district court's judgment "on any ground supported by the

record, regardless of whether that ground was relied upon or even considered by the district court." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

We hold "the allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). That said, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (quotation marks omitted).

"[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We will not address arguments advanced for the first time in an appellant's reply brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]his means that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (quotation marks omitted). "A claim is facially plausible when the court can draw the reasonable inference that the defendant is liable for the misconduct alleged from the pled facts." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1326 (11th Cir. 2012) (quotation marks omitted).

Although we accept the factual allegations in the complaint as true, we are "not bound to extend the same assumption of truth to plaintiffs' conclusions of law." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must identify with specificity which factual paragraphs are relevant to each individual claim. *See Est. of Bass*, 947 F.3d at 1356 n.5.

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). "In Florida, a breach of contract claim requires a party to show that *damages resulted from* the breach." *Resnick*, 693 F.3d at 1325. (emphasis in original). We have held that, under Florida law, a breach of the implied covenant of good faith and fair dealing cannot be maintained absent an allegation that an express term of the contract has been breached. *Centurion Air Cargo v. UPS Co.*, 420 F.3d 1146, 1152 (11th Cir.2005).

Here, the Diazes have failed to demonstrate that the district court erred in dismissing the breach of contract claim for failure to state a claim. Claim I in the second amended complaint plainly reads: "Plaintiffs submit that the defendants actions constitute Breach of Contract under Florida Law and pursuant to *Centurion Air Cargo, Inc. v. U.P.S. Co.*, 420 F.3d 1146 (11th Cir. 2005)." This statement consists entirely of a conclusion of law that Nationstar

breached the contract without any factual support, and therefore fails to satisfy Rule 8's requirement of a "short and plain" statement describing the claim's factual support. To determine which facts support the Diazes' claim would require the type of review from this court that we have previously deemed unacceptable. *See Est. of Bass*, 947 F.3d at 1358.

Even when reaching beyond the complaint to what the Diazes argue in their brief, the Diazes failed to demonstrate that Nationstar breached the mortgage contract. The Diazes argue that Nationstar's tardiness in handling the repair process breached the contract. However, paragraph 5 of the Mortgage contract makes clear that the promptness requirement only relates to Nationstar's undertaking of the final inspection rather than imposing a promptness requirement on the repair process as a whole. The lack of promptness alone, therefore, does not constitute a breach of contract.

Because the Diazes's breach of contract claim was properly dismissed, their claim for breach of the implied covenant of good faith and fair dealing was also properly dismissed.

## II.

Rule 9 of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In order to survive a motion to dismiss, the plaintiff must plead "(1) the precise statements, documents, or misrepresentations made; (2) the

time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff[ ]; and (4) what the defendants gained by the alleged fraud." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1216 (11th Cir. 2020) (quotation marks omitted, alteration in original).

Here, the Diazes have forfeited review of this issue by only perfunctorily raising it in their initial brief. Their general assertion that their amended complaint sufficiently pled the circumstances constituting fraud without any supporting argument is insufficient to warrant review. Nor can they revive the claim by expanding on it for the first time in their reply brief. *See Sapuppo*, 739 F.3d at 683.

**AFFIRMED.**